IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NEIMAN SMITH**                                                                                           **PETITIONER**
ADC #164464

V.                         No. 4:23-CV-00687-JM-ERE

**DEXTER PAYNE, Director, Arkansas**
**Department of Correction, et al.**                                            **RESPONDENTS**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file objections to all or part of this Recommendation. Objections, if filed, should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not file objections, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

**I.   INTRODUCTION**

Neiman Jerome Smith, an inmate at the Varner Unit of the Arkansas Division of Correction ("ADC"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] *Doc. 1*. He asserts that an Arkansas Parole Board ("APB")

---

[1] Mr. Smith submitted his claim on a § 2241 habeas form. However, to be properly brought, the claim must be under 28 U.S.C. § 2254. See *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) ("Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the only vehicle. This is because Crouch is a 'person in custody pursuant to the judgment of a State court,' . . . and can only obtain habeas relief through § 2254, no matter how his pleadings are styled.").

1

hearing judge revoked his parole based on "allegations that were not proven and on which no criminal charges were ever filed." *Id. at 7*. Because Mr. Smith's claim is procedurally defaulted, this case should be dismissed with prejudice.

## II. BACKGROUND

On July 13, 2016, Mr. Smith received a sentence of 120 months in prison after pleading guilty to aggravated robbery in Craighead County Circuit Court. *Id. at 10*. On August 20, 2020, the ADC released him on parole, and he moved to California for supervision. *Doc. 11-1 at 5*. On February 15, 2022, Mr. Smith's then-girlfriend, Paris Batiste, filed a police report alleging that he had physically assaulted her on January 22, 2022, and was continuing to threaten her. *Doc. 1 at 27, 29-31*. On April 7, 2022, Mr. Smith reported to the parole office and was arrested for "Spousal Battery." *Doc. 8 at 11*. At an April 18, 2022, hearing, a judge found probable cause for the "allegations of Kidnapping and Battery of spouse after [Mr. Smith] admitted guilt to the alleged violations" and recommended that Arkansas retake Mr. Smith for revocation. *Doc. 1 at 27*.

During his extradition flight back to Arkansas, Mr. Smith refused to cooperate with his escorting parole officers. *Doc. 8 at 10*. Among other things, he grabbed food that was not his, twice urinated on the wall by his seat, and was "continuously yelling and causing a scene on the plane . . . ." *Id.*

Following a June 10, 2022 hearing, Mr. Smith's parole was revoked. *Doc. 1 at 25-31.* That same day, Mr. Smith received a copy of the hearing decision, which advised him that an appeal must be made in writing to the APB within thirty days of the date of the hearing. *Doc. 1 at 26.* The decision also notified Mr. Smith that he would appear before the APB in December 2022 for parole consideration. *Id.*

On January 17, 2023, the APB held a parole hearing and denied parole for two years. *Docs. 1 at 24; 11-1 at 3.* Mr. Smith sent two letters to the APB requesting reconsideration of the two-year denial. *Doc. 8 at 4-9.* On April 3, 2023, the APB held a "reconsideration screening" and affirmed the two-year denial. *Doc. 11-1 at 3.*

On July 24, 2023, Mr. Smith filed the § 2254 petition before the Court.[2] He alleges that his parole revocation was improperly based on his ex-girlfriend's "knowingly-false" police report. *Doc. 1 at 7.* For relief, he asks that the APB remove the two-year denial of parole and release him on parole. *Id. at 8.*

On September 8, 2023, Respondent filed a motion to dismiss based on the statute of limitations, procedural default, and lack of a meritorious claim.[3] *Docs. 10, 11.*

---

[2] Mr. Smith filed a supplemental pleading and exhibits on August 30, 2023. *Doc. 8.*

[3] Because Mr. Smith's claim is procedurally defaulted, it is not necessary to address Respondent's statute of limitations and merits arguments.

Mr. Smith filed a response on September 27, 2023, addressing each of Respondent's reasons for dismissal. *Doc. 13*.

Mr. Smith's habeas petition is now ripe for review.

### III. DISCUSSION

Before filing a § 2254 habeas petition, a state prisoner must "fairly present" the substance of each federal habeas claim at the state-court level. *Murphy v. King*, 652 F.3d 845, 848 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."); *Perry v. Kemna*, 356 F.3d 880, 886 (8th Cir. 2004) ("To avoid a procedural default, a habeas petitioner must 'present the same facts and legal theories to the state court that he later presents to the federal courts.'"); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997) ("[B]oth the factual grounds and legal theories on which the claim is based must have been presented to the highest state court in order to preserve the claim for federal review.").

When a petitioner fails to fully exhaust his claim in state court and the time for doing so has expired, his claim is procedurally defaulted. *Murphy*, 652 F.3d at 849. Federal review of procedurally a defaulted claim is barred unless the prisoner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result

in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To exhaust the revocation judge's decision, Mr. Smith first had to appeal to the APB within thirty days of the date of the hearing. He made no effort to do so.

In addition, *had* Mr. Smith taken the necessary steps to obtain a final APB decision, he would then be required to appeal to the appropriate Arkansas circuit court within thirty days of service of the APB's final decision. *See* Administrative Procedures Act, Ark. Code Ann. § 25-15-212(b)(1). This, obviously, was not done.

Mr. Smith correctly points out that the judicial-review provision of the Arkansas Administrative Procedures Act ("APA") explicitly excludes inmates from receiving judicial review of final agency actions.[4] However, the Arkansas Supreme Court has recognized an important exception, permitting judicial review for inmates asserting constitutional violations. *Clinton v. Bonds*, 306 Ark. 554, 559 (1991) (holding that that APA's provision excluding judicial review for inmates "unconstitutionally deprives inmates of review of *constitutional* questions)

---

[4] The exclusion reads: "In cases of adjudication, any person, *except an inmate under sentence to the custody of the Division of Correction*, who considers himself or herself injured in his or her person, business, or property by final agency action shall be entitled to judicial review of the action under this subchapter." Ark. Code Ann. § 25-15-212(a) (emphasis added).

(emphasis in original)."[5] Accordingly, Mr. Smith was required exhaust his state remedies in Arkansas state court before seeking relief in a federal habeas petition.[6]

The record is clear that Mr. Smith failed to exhaust his state remedies, and the time to do so has expired. He has not, and is unable to, establish either the "cause and prejudice"[7] or "actual innocence"[8] exceptions to procedural default.

---

[5] It is unclear why the judicial review exclusion for inmates remains in the statute. Notably, in 2019, rather than remove or clarify the exception to comply with *Clinton*, the language was amended from "except an inmate under sentence to the custody of the Department of Correction" to "except an inmate under sentence to the custody of the Division of Correction".

[6] *Johnson v. Kelley*, No. 5:14CV00176 DPM/JTR, 2015 WL 1167184, at *3 (E.D. Ark. Feb. 20, 2015) ("Section 2254 habeas claims are, by definition, federal constitutional claims. See 28 U.S.C. § 2254(a). Thus, the Court's holding in *Clinton v. Bonds* means that those claims first must be fully exhausted in an APA action in state court before they can be pursued in a § 2254 habeas action in federal court."); see also *Anderson v. Payne*, No. 6:19-CV-6098, 2020 WL 1271369 (W.D. Ark. Mar. 17, 2020); *Kennedy v. Kelley*, No. 5:18CV00323-JM-JJV, 2019 WL 2454565 (E.D. Ark. May 20, 2019); *Roberts v. Kelley*, No. 4:18-CV-193-JLH-BD, 2018 WL 4518661 (E.D. Ark. Aug. 10, 2018).

[7] Even if the confusing statute language established cause, there is no prejudice because the claim is meritless. See *Washington v. Delo*, 51 F.3d 756, 760 (8th Cir. 1995) (cause and prejudice exception generally requires a showing of "some external impediment" that prevented the raising of a habeas claim, and that the "obstacle caused actual prejudice.").

[8] Mr. Smith's argument that the APB revoked his parole based on an allegedly false report does not qualify as new, reliable evidence of innocence. *Schlup v. Delo*, 513 U.S. 298, 327, (1995) ("actual innocence exception requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."); see also *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011) (habeas petitioner must "come forward not only with new reliable evidence which was not presented at trial, but . . . come forward with new reliable evidence which was not available at trial through the exercise of due diligence.").

Because Mr. Smith did not timely appeal the revocation decision to the APB or appeal a final agency decision to the appropriate circuit court, his claim is procedurally defaulted.[9]

## IV.   CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Respondent's motion to dismiss (*Doc. 10*) be GRANTED.

2. Petitioner Neiman Jerome Smith's § 2254 petition for writ of habeas Corpus (*Doc. 1*) be DISMISSED with prejudice.

3. For administrative purposes, the Clerk of the Court be directed to recategorize this case as a § 2254 habeas action.

4. A Certificate of Appealability ("COA") be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[10]

DATED 13 October 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[9] Even if Mr. Smith's claim was not procedurally defaulted, an Arkansas inmate has "no constitutionally protected liberty interest in the possibility that defendants would grant him parole . . . ." *Hamilton v. Brownlee*, 237 F. App'x 114, 115 (8th Cir. 2007). As for the revocation hearing, Mr. Smith does not deny that he was afforded all due process required by law. Thus, Mr. Smith's habeas claim, if addressed on the merits, would fail.

[10] The COA should be denied because Mr. Smith has not shown that reasonable jurists could debate whether his claim should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).